# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JEFFREY ROBERT VANHORNE,<br><br>   Defendant. | Case No. 2:06-CR-00272-KJD-LRL<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Terminate Supervised Release (#17). The Government filed a response (#19). The Government does not oppose Defendant's motion.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) **Modification of conditions or revocation**. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Here, Defendant has met his burden in demonstrating that early termination of supervised release is justified. On December 26, 2006, Defendant was adjudicated guilty of bank robbery. He was sentenced to 100 months imprisonment followed by three years of supervised release. He has served his term of confinement and two and a half (2.5) years of supervised release. Defendant has not violated the conditions of his supervised release. Defendant has also paid the principal balance of his restitution of $8,861.39. His probation officer does not object to termination of his supervised release.

Therefore, having considered the statutory factors, the Court finds that in the interest of justice and being warranted by the conduct of Defendant, that his term of supervised release is hereby terminated immediately.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (#17) is **GRANTED**.

DATED this 20th day of June 2016.

Kent J. Dawson
United States District Judge